John C. CRITCHLOW and Sophia Critchlow, his wife, Plaintiffs and Appellants,

v.

Jay L. CRITCHLOW et al., Defendants and Respondents.

No. 13738.

Supreme Court of Utah.
Feb. 25, 1975.

---

3. Section 76–3–203(2), U.C.A.1953.

Cullen Y. Christensen, of Christensen, Taylor & Moody, Provo, for plaintiffs-appellants.

S. J. Sweetring, Price, for Jay and Lois Critchlow.

Boyd Bunnell, Price, for Funnon and Donna Shimmin.

Dean W. Payne, Provo, for Vera Shimmin.

HENRIOD, Chief Justice:

Appeal from a judgment declaring that plaintiffs, who sued to establish 1) a prescriptive easement in a road over defendants Shimmins' property, and 2) a way by necessity over defendants Critchlows' property,—had at best a permissive right. Affirmed with costs to defendants.

Jay Critchlow and his brother John each acquired, by a partition suit, a tract of land formerly belonging to their father, since deceased. Both tracts, along with an entirely separate tract belonging to Shimmins, lying between the two, were cattle country in rugged mountain terrain in Carbon County, Utah.

There is no question but that for a long period of time all the parties litigant here used a mountain road or trail that traversed the subject properties to run and salt cattle, in spring and fall migrations.

This case strictly is factual and controversial in nature. There is nothing controversial whatever as to applicable principles with respect to prescriptive or other adverse rights that might divest a record owner of property rights and invest them in a record title stranger.

A rather innovative feature here is that both sides rely on facts showing that both the Critchlows and the Shimmins employed gates and locks, not guns, as did the Hatfields and McCoys, in their friendly mountain feuding,—and rely on such impediments to support each contention. There is no question save that the evidence, if believed, gave Shimmins the nod in the lock lament, keyed with the fact that the Shimmins locked the Critchlows out on more than one occasion, but furnished them a key to open the lock to open the gate, which seems to have evidenced a firm and resolute intention to pull the drawbridge to isolate their domain, only permissively to restore it by loosening the rope with neighborliness. These facts and considerable others supporting the trial court's conclusion give us little alternative under established rules of appellate review, but to affirm it,—which we do. Doing so the point on appeal about way by necessity need not be canvassed.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.